**MERLIN LAW GROUP, P.A.**
125 Half Mile Road, Suite 201
Red Bank, NJ 07701
(P) 732-704-4647
(F) 732-704-4651
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLANTIC HEIGHTS, LLC, | Case No: |
| Plaintiff,<br><br>vs. | Civil Action |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SEVERALLY SUBSCRIBING TO POLICY NO. N16NA04970, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

COMES NOW the Plaintiff Atlantic Heights, LLC ("Atlantic Heights"), by their undersigned attorneys, for their complaint against Defendant CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SEVERALLY SUBSCRIBING TO POLICY NO. N16NA04970 ("Underwriters" or "Defendant"), and states as follows:

**NATURE OF THE CASE**

1.      This is an action by the Plaintiff, commercial property owners, against their insurance carrier, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SEVERALLY SUBSCRIBING TO POLICY NO. N16NA04970, for benefits owed under the insurance policy, which have not been paid, stemming from their insurance claim for damage related to wind gusts and hailstorm.

2.      Plaintiff purchased an "all-risk" commercial property policy from Underwriters, which covers all risk of direct physical loss or damage unless excluded under the policy.

3.      Underwriters has made certain undisputed payments but has failed to fully pay the additional damages due and owing under the insurance policy, and further acted in violation of the implied duty of good faith and fair dealing contained in the insurance policy, further damaging the Plaintiff.

## THE PARTIES

4.      At all times material hereto, Plaintiff Atlantic Heights is was a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located at 900 Barnegat Blvd. N., Barnegat, NJ 08005.

5.      On information and belief, Defendant CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SEVERALLY SUBSCRIBING TO POLICY NO. N16NA04970 is and/or was an underwriting member, or "name" of Lloyd's of London, England, authorized as an eligible surplus lines company or entity that has transacted and/or currently transacts business in the State of New Jersey, with a principal place of business or registered office at One Lime Street London EC3M 7HA.

## JURISDICTION AND VENUE

6.      Plaintiff brings this complaint under federal diversity jurisdiction, 28 U.S.C. 1332(c)(1), as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

7.      Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to Plaintiff's' claims occurred in this judicial district. Additionally,

Underwriters does business and/or transact business in this judicial district and, therefore, is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

## FACTS

8.      At all times material hereto, Plaintiff owned the commercial property known as the Atlantic Heights Apartments, located at 900 Barnegat Blvd. N., Barnegat, New Jersey.

9.      At all times material hereto, the subject property was insured under a contract of insurance underwritten and issued by Defendant.

10.      All premiums on the Policy were paid and the Policy was in full force and effect at all relevant times herein.

11.      The Policy includes insurance coverage for, *inter alia*, the risk of direct physical loss or damage to the dwelling, including damage relating to wind gusts hailstorms.

12.      On June 21, 2016, a severe thunderstorm developed on the west side of town and moved eastward over the property, producing up to 1.25" size hail. Winds up to 60 mph were also present. The hail fell for seven minutes.

13.      The hailstorm and resulting damage are covered risks under the Policy.

14.      The Plaintiff's property, consisting of multiple apartment buildings, sustained significant losses because of damage relating to the hailstorm. More specifically, the roofs of the apartment buildings were damaged during the storm.

15.      Plaintiff promptly submitted an insurance claim to Underwriters for the damage to the Property caused by damage relating to the hail storm.

16.      Underwriters assigned a claim number and sent a third-party adjuster to evaluate the damage to the Plaintiff's property associated with the hail storm.

17.     Defendant, through its adjuster, has only acknowledged a portion of the covered damages to the property.

18.     The Plaintiff sought the help of professional contractors and roofers to determine the amounts owed under the Policy, because they disagreed with Underwriters' damage estimate, believing it to be too low.

19.     Plaintiff has cooperated with Underwriters and has complied with its post-loss obligations listed in the Policy, including extensive efforts to mitigate its damages.

20.     Underwriters has failed and refused to promptly or properly adjust the Plaintiff's losses from damage relating to the hail storm.

21.     The Plaintiff's property suffered damages from the hail storm for which Underwriters has failed to fully compensate Plaintiff.

22.     Plaintiff has demanded payment pursuant to the Policy.

23.     Underwriters has failed and refused to pay the insurance proceeds to Plaintiff as required under the Policy.

24.     Underwriters' failure and/or refusal to pay the insurance proceeds due and owing under the Policy is a breach of the express terms of the insurance contract.

25.     As a direct result of Underwriters breach of the insurance contract, Plaintiff has suffered and continues to suffer financial damages attributable to the physical damages to the insured apartment buildings.

26.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full amount of the claim in accordance with the terms and conditions of the Certificate and Policy were reasonably clear.

27.     Despite evidence that an intense thunderstorm producing strong wind gusts and damaging hail hit the same area as the insured apartment buildings, and despite evidence of covered damage provided by Plaintiff, Defendant has, without any reasonable basis, disputed its coverage obligations, attempted to limit coverage under the Policy and/or delayed acknowledging coverage for this claim, which is a breach of the insurance contract.

28.     To date, Plaintiff has not been fully paid for all covered damages sustained during the hail storm. Plaintiff is therefore entitled to the relief requested because they have been deprived of rights and benefits expressly promised by contract.

<u>**COUNT I –BREACH OF CONTRACT**</u>

29.     Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint as if set forth herein at length.

30.     The subject property was insured under a contract of insurance underwritten and issued by Defendant whereby Underwriters promised to pay for covered damages to Plaintiff's property.

31.     Plaintiff's property sustained covered losses caused by wind gust and hail during a severe thunderstorm on June 21, 2016.

32.     Plaintiff has demanded payment pursuant to the terms of the Policy.

33.     Underwriters has failed, refused and repudiated its obligation to fully pay the insurance proceeds to Plaintiff as required under the Policy.

34.     Defendant's failure to fully pay Plaintiff is a breach of the contract and/or contracts between the parties.

35.     Because of Underwriter's breach of the insurance contract, Plaintiff has suffered and continues to suffer damages.

36.     This breach of the insurance contract was and is the direct and proximate cause of damage to Plaintiff's property and business.

37.     Defendants' aforesaid conduct constitutes a breach of the contract of insurance between the parties.

38.     Plaintiff has been damaged because of Defendants' breach of contract, including the monies paid to defendants as well as interest, legal fees and costs incurred.

**WHEREFORE**, Plaintiff, ATLANTIC HEIGHTS, LLC demands judgment against Defendants for compensatory damages, interest, as well as legal fees and costs incurred.

### COUNT II - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

39.     The allegations contained in the prior paragraphs and Count are hereby re-alleged and incorporated as if set forth verbatim.

40.     The subject property is covered under an insurance contract whereby Underwriters promised to pay for covered damages to Plaintiff's insured property.

41.     The Policy affords coverage for, *inter alia*, the risk of direct physical loss or damage to the dwelling, including damage relating to wind gusts hailstorms.

42.     Implied in the insurance contract is a covenant of good faith and fair dealing that Defendant shall not do anything that would have the effect of destroying or injuring the Plaintiff's rights and benefits otherwise promised by the benefits of the contract. This covenant includes, but is not limited to duties to honestly, promptly, and fairly investigate facts of coverage, evaluate damages, adjust the loss, communicate and cooperate with the insured, and promptly pay the full amount of covered losses.

43.     Underwriters failed to properly adjust Plaintiff's claim by engaging in activities that include, but are not limited to:

(a) deliberately, negligently and unreasonably delaying payment of Plaintiff's claim, and failing to timely pay Plaintiff the full amount of benefits owed under the Policy for the loss;

(b) refusal to compensate Plaintiff for the fair value of the claim,

(c) misrepresenting the scope of damages;

(d) improper denial of certain portions of the claim;

(e)  Failing to properly evaluate the loss at the beginning of the claim and intentionally low-balling the value of the insureds' damages intending to force the Plaintiff to incur the expense, delay and uncertainty of the appraisal process;

(f) Delaying the claim and obstructing Plaintiff's ability to commence and complete repairs within the time prescribed under the Policy by failing to pay for all damages caused by a covered peril.

44.     Underwriters' actions in failing to properly adjust Plaintiff's claim are a breach of the implied covenant of good faith and fair dealing.

45.     Because of Underwriters' wrongful acts and omissions, Plaintiff was forced to retain the professional services of experts, in addition to the attorneys and law firm who are representing Plaintiff with respect to these causes of action.

46.     Defendant knowingly breached the implied covenant of good faith and fair dealing in an attempt to deprive Plaintiff of his rights and reasonable expectations under the contract of insurance at issue.

47.     The losses incurred by Plaintiff are a direct and foreseeable consequence of Underwriters' above described wrongful conduct in that such wrongful conduct has caused additional monetary losses, which were reasonably foreseeable and contemplated by the parties at the time of contracting under the subject insurance policy.

48.     The very purpose of insurance coverage as afforded by Underwriters would make the insurer aware that if it breached the contract of insurance it would be liable for the losses consequent to the breach. In addition, it would be reasonable for Plaintiff to expect when they

obtained the Policy that Underwriters would meet its contractual obligations and not conduct its claims handling practices in such a way to cause additional loss and damage to their policyholders' interests.

49.     Because of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and will continue to suffer damages.

50.     Accordingly, Plaintiff is entitled to an award against Underwriters of compensatory and consequential damages in such amounts as established by evidence, as well as pre- and post-judgment interest, costs, and such further relief as may be just.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant for compensatory damages, consequential damages, pre-judgment interest and post-judgment interest, costs of suit, attorneys' fees, and such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL ATTORNEY

Verne A. Pedro, Esq., is hereby designated as trial counsel for the Plaintiffs in the above matter.

DATED: JUNE 21, 2019

MERLIN LAW GROUP

By: ***Verne A. Pedro***
Verne A. Pedro, Esq.
vpedro@merlinlawgroup.com
125 Half Mile Road, Suite 201
Red Bank, New Jersey 07701
Ph: (732) 704-4647
Fax: (732) 704-4651
*Attorneys for Plaintiffs*

8